IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, as subrogee of Bruce Axtell,<br><br>    Plaintiff,<br><br>vs.<br><br>ADVANCE RESTORATION SYSTEMS, CHOATE ELECTRICAL SERVICES, SPRING CREEK BUILDERS, INC., and EARL TAYLOR,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT SPRING CREEK BUILDERS, INC.'S MOTION FOR SUMMARY JUDGMENT<br><br><br><br>Case No. 1:09-CV-80 TS |

This matter is before the Court on Defendant Spring Creek Builder Inc.'s Motion for Summary Judgment. Plaintiff has not responded to this Motion. For the reasons discussed below, the Court will grant the Motion.

**I. Introduction**

The following facts are not in dispute. This action is based in negligence against all Defendants due to a fire caused at the Axtell residence on August 25, 2006. Prior to the 2006

1

fire, Mr. Axtell had hired Defendant Spring Creek during the summer of 2005 to add a single car garage to the Axtell's then existing double car garage and to also construct an unattached pool house to the property. The improvements were completed in the fall of 2005. Shortly thereafter, in December of 2005, the Axtell residence sustained damage as a result of a fire caused by the Axtells' children playing with matches in their basement. Following this initial fire, Mr. Axtell hired Advanced Restoration Systems to act as the general contractor for the restoration and repair of the residence. In August 2006, the Axtells were a few weeks away from taking occupancy of their home when the second fire occurred.

A few days after the fire, Plaintiff hired an expert to inspect the premises. The expert conducted testing of an enclosed abandoned light outlet box and fixture components from the attic on October 31, 2006, and again on January 13, 2007. Although described as "abandoned," the wiring from the fixture was still connected to the house power. Based on the testing, Plaintiff's electrical engineering expert prepared a report in which he stated his opinion that the fire was most likely due to electrical failure in the abandoned light fixture outlet box in the attic of the home.

After Plaintiff's experts inspected, used and analyzed the artifacts and evidence salvaged from the fire to determine the cause of the fire, the objects were disposed of at the direction of Plaintiff and were not made available to Defendants for inspection. Plaintiff admitted that the electrical light fixture, including the fixture base and wiring which it alleges caused the fire, were

destroyed.[1]

## II. Standard of Review

Summary judgment is proper if the moving party can demonstrate that there are no genuine issues of material fact and it is entitled to judgment as a matter of law.[2] The Court construes all facts and reasonable inferences in the light most favorable to the nonmoving party.[3] In considering whether genuine issues of material fact exist, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[4] "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials in his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial, if he does not so respond, summary judgment, if appropriate, shall be entered against him."[5] "All material facts of record meeting the requirements of Fed. R. Civ. P. 56 that are set forth with particularity in the statement of the movant will be deemed admitted for the purpose of summary judgment, unless specifically controverted by the statement of the opposing party identifying material facts of record meeting

---

[1] Defendant Spring Creek Memorandum in Support, Docket No. 40, at vii (citing Pl. Resp. to Req. for Admis. at 2).

[2] *See* FED. R. CIV. P. 56(c).

[3] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Southwestern Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[4] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[5] FED. R. CIV. P. 56(e)(2).

3

the requirements of Fed. R. Civ. P. 56."[6]

### III. Discussion

Defendant Spring Creek argues that because this action is based in negligence, the statute of limitations is two years, and Plaintiff failed to bring the action within the required time period. Defendant cites Utah Code Ann. § 78-12-21.5 (2004),[7] which states that all actions not based in contract or warranty "shall be commenced within two years from the earlier of the date of discovery of a cause of action or the date upon which a cause of action should have been discovered through reasonable diligence."[8] The one exception to this rule is for actions "for death of or bodily injury to an individual while engaged in the design, installation, or construction of an improvement,"[9] which is not at issue in this case. This statute applies to all causes of action against a provider that accrue after May 3, 2003.[10]

Defendant Spring Creek argues that because Plaintiff's expert found on January 13, 2007 that the cause of the fire was the abandoned electrical box, it had until January 13, 2009 to bring a cause of action, but did not do so until June 8, 2009, almost six months after the statute of limitations ran.

Moreover, because Plaintiff destroyed the evidence that led to their expert's opinion

---

[6]DUCivR 56-1(c).

[7]This statute was renumbered effective February 7, 2008, and is currently cited as UTAH CODE ANN. § 78B-2-225.

[8]UTAH CODE ANN. § 78-12-21.5 (2004).

[9]*Id*. at 78-12-21.5(2)(e).

[10]*Id*. at § 78-12-21.5(11).

about the cause of the fire, Plaintiff is unable to argue it was involved in an ongoing investigation as to the cause of the fire.

The Court finds that it is undisputed that Plaintiff's expert opined as to the cause of the fire on January 13, 2007, and subsequently destroyed the objects of the investigation. Accordingly, Plaintiff had until January 13, 2009, to bring a cause of action, and it failed to do so in a timely manner. Moreover, Plaintiff has not responded to this Motion, and therefore the Court may grant the Motion without further notice according to DUCivR 56-1(f).

### IV. Conclusion

Based on the above, it is hereby

ORDERED that Defendant Spring Creek's Motion for Summary Judgment (Docket No. 39) is GRANTED. It is further

ORDERED that the Clerk of Court to enter a judgment in favor of Defendant Spring Creek Builders, Inc.

DATED   May 25, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge